Date Signed:
July 29, 2014



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>KAREN QUITO YOGI,<br><br>       Debtor. | Case No. 13-01452<br>Chapter 13<br><br>Re: Docket No. 21 |

### DECISION REGARDING APPLICATION FOR ATTORNEY'S COMPENSATION

The attorney for a chapter 13 debtor filed an application for compensation. I will deny the attorney's application for compensation. The debtor's attorney made an honest mistake while investigating the debtor's assets and preparing the schedules. But for that mistake, the post-petition work for which he has applied for compensation–amending the schedules and re-evaluating the plan–would not have been necessary. I will not allow compensation for services that were necessary only because the attorney made a mistake.

I.   Background

The debtor filed this case on August 27, 2013, and her plan was confirmed on

November 26, 2013. Her schedules showed that she had no interests in real estate and some personal property, all of which was either exempt or subject to a security interest. Her plan contemplates monthly payments of $250 per month for 36 months and an estimated 3% payment to the unsecured creditors.

Her original schedules did not accurately reflect all of her property interests. The debtor told her attorney that she had owned a one-third interest in a house, but that she had deeded her interest to one of the other owners, Zenaida Sangcap, in 2008. Her attorney confirmed this by obtaining a Bureau of Conveyance report under the debtor's *prior* name, Karen Quito. He did not pull a report under the debtor's current name, Karen Yogi. The debtor's attorney admits that this was a mistake.[1] If he had pulled a report under the debtor's current name, he would have learned that, in 2009, Ms. Sangcap had conveyed a one-third interest in the property back to the debtor. The debtor testifies that she does not know why this happened and that she had forgotten about it by the time she filed her bankruptcy petition.

Some time in 2014, Zenaida Sangcap tried to sell the property but she could not do so without the debtor's concurrence. Ms. Sangcap contacted the debtor who spoke to her attorney about the situation for the first time on February 10, 2014.

Between February 10, 2014 and May 6, 2014, the debtor's attorneys had

---

[1] Dkt. 34 at 4.

U.S. Bankruptcy Court - Hawaii   #13-01452   Dkt # 37   Filed 07/29/14   Page 2 of 5

numerous discussions with the debtor about her options, including abandonment, moving to sell the property, modifying her plan, and purchasing the house. Ms. Sangcap's planned sale fell through.

On May 6, 2014–almost three months after learning about the undisclosed asset–the debtor filed amended schedules reflecting her one-third interest in the house. The debtor evidently concluded that no further action was required.

The deadline to move to revoke the plan confirmation was on May 25, 2014.

After filing the amended schedules, the debtor's attorney filed his application for additional compensation on June 12, 2014.

## II. Standard

In a chapter 13 case, the court may allow "reasonable compensation to the debtor's attorney for representing the interests of the debtor . . . ."[2] In deciding whether to allow compensation, the court should consider the "benefit and necessity of such services to the debtor . . . and other factors set forth in [section 330]."[3] At a minimum, section 330 requires that services must be "reasonably necessary to benefit the debtor's estate . . . ," "necessary to the administration of the case," and not unnecessarily duplicative.[4] The court should not allow compensation for work that

---

[2] 11 U.S.C. § 330(a)(4)(B).

[3] *Id.*

[4] § 330(a)(4)(A).

U.S. Bankruptcy Court - Hawaii   #13-01452   Dkt # 37   Filed  07/29/14   Page 3 of 5

was unreasonable or was avoidable through reasonable precaution and foresight.

## III.     Discussion

The chapter 13 trustee objects to the application for compensation. He argues that 1) the debtor's attorney was "stonewalling" him by refusing to provide information about the property, 2) the debtor's delay was prejudicial to the trustee in light of the fact that the deadline to move to revoke confirmation was less than three weeks after the debtor filed her amended schedules, and 3) the debtor's delay in amending her schedules was a breach of her duty to disclose interests in property.

In response, the debtor's attorney states that 1) Rule 1009 allows the debtor to amend her schedules "at any time before the case is closed, 2) the delay in amending the schedules was excusable because they were preparing to move to sell the property, and 3) the debtor's one-third interest in the property would not affect the plan as confirmed, because any benefit to creditors would be minimal.

I agree with the trustee's contention that the application should be denied, but for a different reason. The services covered by this application were not reasonably necessary. The debtor's attorney took the prudent step of searching the Bureau of Conveyances' records of real property interests. Unfortunately, he only searched for interests under the debtor's prior name, not her current name. With appropriate candor, he acknowledges that this was a mistake. If he had searched for properties in the debtor's current name, he would have learned that the debtor reacquired an

4

U.S. Bankruptcy Court - Hawaii   #13-01452   Dkt # 37   Filed  07/29/14   Page 4 of 5

interest in the subject property. He would have disclosed the property in the original schedules and included it in his initial evaluation of the plan, all at no additional cost. But for the attorney's mistake in not checking the Bureau of Conveyances under the debtor's current name, he would not have had to provide the additional services for which he now seeks compensation.

This was an honest mistake which any attorney could have made. But when an attorney makes a mistake, the attorney should bear the cost of fixing it, not the client or the bankruptcy estate.

THEREFORE, the application for compensation is DENIED.

**END OF DECISION**

U.S. Bankruptcy Court - Hawaii   #13-01452   Dkt # 37   Filed  07/29/14   Page 5 of 5